[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence August 8, 1994 Date of Application August 15, 1994 Date Application Filed August 17, 1994 Date of Decision March 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New London.
Docket Number CR10-142540; CR10-142537.
Bruce A. Sturman, Esq., Defense Counsel for Petitioner.
Lawrence Tytla, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
In this case, the petitioner, who was then 32 years of age, was found to be in violation of probation on August 8, 1994. His probation was revoked and he was sentenced to the unexecuted portion of his original sentence — 12 years.
The chronology of this case is as follows:
On September 23, 1985 the petitioner was convicted of sexual assault, 1st degree in each of the two docket numbers listed above. He was sentenced on September 23, 1985 to concurrent terms of 20 years, suspended after 8 years, with probation for 5 years, for a total effective sentence of 20 years, suspended after 8 years, probation for 5 years.
On July 27, 1990, he was released from incarceration and his 5 year probationary period commenced.
On July 27, 1992, he was convicted of burglary 3rd degree and possession of narcotics. These offenses having occurred while he was on probation, he was also found to be in violation of probation.
He was sentenced to a term of 5 years (on July 27, 1992) and on that same date, his original probationary period was continued after a finding of violation:
On October 27, 1993, he attempted to escape from custody, and was charged with his second violation of probation for that criminal activity. After a full hearing, the Court found the petitioner in violation of probation, heard argument as to the efficacy of probation and determined that the rehabilitative purposes of probation were a failure in light of the petitioner's probationary history, and imposed the unexecuted remainder of the sentences imposed on September 23, 1985 (12 years). It ordered the sentences for violation of probation to run concurrently with the 5 year sentence imposed on July 27, 1992.
Counsel for the petitioner asks the Division to reduce that sentence. He argues the petitioner was remorseful and that the' Court did not give sufficient consideration to the comments and CT Page 3753 remarks made by the petitioner at his sentencing hearing.
There is nothing in the transcript to indicate that the Court did not consider the petitioner's comments. In fact, the petitioner himself asked the Court to consider running whatever sentence imposed concurrently, and the Court agreed to do that.
Under all the circumstances of this case, the sentence imposed was appropriate, fair and proportionate under the standards for review set out in Practice Book § 942. It is, therefore, affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.